IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STEPHEN BRADLEY HALFERTY, | ) | Case No. 22-00101-05-DMW |
| | ) | Chapter 13 |
|     Debtor. | ) | |
| | ) | |
| EVER-SEAL, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | Adv. Proc. No. 22-00050-5-DMW |
| v. | ) | |
| | ) | |
| STEPHEN BRADLEY HALFERTY d/b/a DURASEAL, | ) | JURY DEMAND |
| | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S MOTION TO WITHDRAW REFERENCE**

NOW COMES Plaintiff Ever-Seal, Inc. ("Ever-Seal"), by and through counsel, pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Federal Rule of Civil Procedure 38(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9015, and hereby moves for the entry of an Order from United States District Court for the Eastern District of North Carolina (the "District Court") withdrawing the reference of the above-captioned Adversary Proceeding from the Bankruptcy Court to the District Court. In support of the Motion, Ever-Seal provides as follows:

1. On January 14, 2022, Defendant Stephen Bradley Halferty ("Defendant") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. Defendant did not serve Ever-Seal with notice of Defendant's bankruptcy case at that time.

136047484.2

2. On February 8, 2022, Ever-Seal commenced an action (the "Tennessee Action") against Defendant in the United States District Court for the Middle District of Tennessee, Case No. 3:22-cv-00082, seeking to enforce the terms of a Confidentiality Agreement between Ever-Seal and Defendant containing both a two-year non-competition clause and a confidentiality clause. Ever-Seal asserted claims of breach of contract, breach of fiduciary duty, and intentional interference with business relations, and sought immediate and permanent injunctive relief, as well as damages. Ever-Seal simultaneously filed a motion for a temporary restraining order ("TRO") and preliminary injunction on its breach of contract and intentional interference claims. On February 11, 2022, the Middle District of Tennessee entered a TRO against Defendant and set a preliminary injunction hearing for February 24, 2022.

3. Ever-Seal was first notified of Defendant's bankruptcy in the late afternoon on Friday, February 11, 2022, after the Middle District of Tennessee had issued the TRO, when Debtor's bankruptcy counsel contacted Ever-Seal's counsel. Ever-Seal promptly notified the Middle District of Tennessee of the bankruptcy case on Monday, February 14, 2022 by filing a suggestion of bankruptcy, and on February 15, 2022, that Court stayed the Tennessee Action pending further order of the Court.

4. On March 17, 2022, Ever-Seal commenced this adversary proceeding against Defendant, Case No. 22-00050-5-DMW, asserting post-petition claims against Defendant for breach of the Confidentiality Agreement and intentional interference with business relations (the "Contract Action") [Doc. 1]. In its Complaint, Ever-Seal demanded a jury trial on all claims.

5. On May 2, 2022, Defendant filed his Answer and Counterclaim against Ever-Seal [Doc. 21]. Defendant's counterclaim is a state-law contract claim. On May 23, 2022, Ever-Seal

filed an Answer to Defendant's counterclaim, again demanding a jury trial on all claims, including Defendant's counterclaim [Doc. 23].

6. All of the claims asserted in the Contract Action are non-core and solely involve state law causes of action arising under the laws of Tennessee. No claims relate to a pre-petition claim or any proof of claim in the underlying bankruptcy proceeding.

7. Congress granted original jurisdiction to the district courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11," 28 U.S.C. § 1334(b), and authorized automatic referral of proceedings covered by § 1334(b) to the bankruptcy courts. *See* § 157(a). This District has provided for such referral.

8. However, pursuant to § 157(d) "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." § 157(d).

9. As shown more specifically in the brief accompanying this Motion, which is incorporated as is fully set forth herein, withdrawal of the reference of this adversary proceeding pursuant to 28 U.S.C. § 157(d) is warranted because: (1) the Bankruptcy Court does not have constitutional authority to adjudicate the non-core claims in the Contract Action; (2) Ever-Seal does not consent to the Bankruptcy Court entering final orders with respect to the non-core state law causes of action in this case, see 28 U.S.C. § 157(c)(1); (3) Ever-Seal demands a jury trial on both its claims and Defendant's state law counterclaim, and the parties do not consent to a jury trial before the Bankruptcy Court, see 28 U.S.C. § 157(e); and (4) judicial efficiency is best served by having the District Court hear and determine all matters in the Contract Action.

WHEREFORE, Ever-Seal respectfully prays that the District Court enter an Order, substantially in the form attached hereto, pursuant to 28 U.S.C. § 157(d) and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, immediately withdrawing reference of the above-captioned adversary proceeding and for such other and further relief as the District Court may deem just and proper.

Respectfully submitted this the 20th day of July, 2022.

        FOX ROTHSCHILD LLP

        By: /s/ *Brian R. Anderson*
            Brian R. Anderson
            N.C. State Bar No. 37989
            230 N. Elm St., Suite 1200
            Greensboro, NC 27401
            branderson@foxrothschild.com
            Tel: (336) 378-5205

        -and-

        SPENCER FANE LLP

        By: /s/ *Stephen J. Zralek*
            Stephen J. Zralek
            T.N. Bar No. 18971
            511 Union Street, Suite 1000
            Nashville, TN 37219
            szralek@spencerfane.com
            Tel: (615) 238-6305

            Breanna R. Spackler
            M.O. Bar No. 67323
            1000 Walnut, Suite 1400
            Kansas City, MO 64106
            bspackler@spencerfane.com
            Tel: (816) 292-8487

        *Attorneys for Plaintiff*

136047484.2

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| STEPHEN BRADLEY HALFERTY, ) | Case No. 22-00101-05-DMW |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| EVER-SEAL, INC., ) | |
| ) | |
| Plaintiff, ) | Adv. Proc. No. 22-00050-5-DMW |
| v. ) | |
| ) | |
| STEPHEN BRADLEY HALFERTY ) | JURY DEMAND |
| d/b/a DURASEAL, ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW REFERENCE

Upon consideration of *Plaintiff's Motion to Withdraw Reference* (the "Motion"), pursuant to 28 U.S.C. § 157(d) and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, for entry of an Order withdrawing the reference of the above-captioned adversary proceeding pending in the United States Bankruptcy Court for the Eastern District of North Carolina; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and after due deliberation and sufficient cause appearing therefor,

IT HEREBY IS ORDERED THAT:

1. The Motion is granted to the extent set forth herein;

2.       The Contract Action is hereby withdrawn pursuant to 28 U.S.C. § 157(d);

3.       The Bankruptcy Court is hereby stayed from further consideration of the Contract Action;

4.       This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order, and to interpret, implement and enforce the provisions of this Order.

Dated:

_____
United States District Judge

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **PLAINTIFF'S MOTION TO WITHDRAW REFERENCE** was duly served upon the following by electronic means or by depositing same enclosed in a post-paid, properly addressed envelop in a Post Office or official depository under the exclusive care and custody of the United States Postal Service:

Travis Sasser
2000 Regency Parkway, Suite 230
Cary, NC 27518
*Counsel for Defendant*

This the 20th day of July, 2022.

                                                  /s/ Brian R. Anderson
                                                  Brian R. Anderson

136047484.2