EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY,** | ) | **Case No. 22-00101-05-DMW** |
| | ) | **Chapter 13** |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **EVER-SEAL, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | **Adv. Proc. No. 22-00050-5-DMW[1]** |
| v. | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY** | ) | |
| **d/b/a DURASEAL,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S MOTION TO WITHDRAW REFERENCE

NOW COMES Plaintiff Ever-Seal, Inc. ("Ever-Seal"), by and through counsel, pursuant

to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Federal Rule of Civil

Procedure 38(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure

9015, and hereby moves for the entry of an Order from United States District Court for the Eastern

District of North Carolina (the "District Court") withdrawing the reference of a civil action

between two non-debtor parties transferred to the Bankruptcy Court from the United States District

Court, Middle District of Tennessee (the "Tennessee Court") captioned *Ever-Seal, Inc. v.*

---

[1] For purposes of pleading, discovery, and trial, by order dated October 26, 2022, the Duraseal Inc. Action, Adv. Proc. No. 22-00135-5-DMW, has been consolidated with the captioned adversary proceeding, Adv. Proc. No. 22-00050-5-DMW (Adv. Pro. No. 22-00135-5-DMW, DE 84), with parties directed to file all pleadings in Adv. Proc. No. 22-00050-5-DMW. A Motion to Withdraw Adversary Proceeding No. 22-00050-5 to the District Court is currently pending in Case No. 5:22-MC-00014-FL.

139705011.1

*Duraseal, Inc.*, Adversary Proceeding No. 22-00135-5-DMW (the "Duraseal Inc. Action") from the Bankruptcy Court to the District Court.  In support of the Motion, Ever-Seal provides as follows:

1.      On January 14, 2022, Defendant Stephen Bradley Halferty ("Halferty") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.  Halferty did not serve Ever-Seal with notice of his bankruptcy case at that time.[2]

2.      On March 17, 2022, Ever-Seal commenced an adversary proceeding against Halferty, Case No. 22-00050-5-DMW, asserting post-petition claims against Halferty for breach of contract and intentional interference with business relations (the "Individual Contract Action"). In its Complaint, Ever-Seal demanded a jury trial on all claims. On May 2, 2022, Halferty filed his Answer and Counterclaim against Ever-Seal, asserting a state-law contract claim.  On May 23, 2022, Ever-Seal filed an Answer to Halferty's counterclaim, again demanding a jury trial on all claims, including Halferty's counterclaim.  On July 20, 2022, Ever-Seal moved to withdraw the reference of the Individual Contract Action to the United States District Court for the Eastern District of North Carolina (the "District Court").  The matter was referred to District Court, Case No. 5:22-MC-00014-FL and remains pending.

---

[2] On February 8, 2022, Ever-Seal commenced an action (the "Individual Tennessee Action") against Halferty in the United States District Court for the Middle District of Tennessee, Case No. 3:22-cv-00082, seeking to enforce the terms of a Confidentiality Agreement between Ever-Seal and Halferty containing both a two-year non-competition clause and a confidentiality clause.  On February 11, 2022, the Middle District of Tennessee entered a TRO against Halferty.  After the Middle District of Tennessee had issued the TRO, Ever-Seal was first notified of Halferty's Chapter 13 bankruptcy. Ever-Seal promptly notified the Middle District of Tennessee of the bankruptcy case on Monday, February 14, 2022, and on February 15, 2022, that Court stayed the Tennessee Action pending further order of the Court.  The Individual Tennessee Action remains stayed.

3.      During discovery in the Individual Contract Action, Ever-Seal became aware of Duraseal, Inc., a company owned and controlled by Halferty.  On May 18, 2022, Plaintiff filed a Verified Complaint in the United States District Court for the Middle District of Tennessee against Duraseal, Inc. Case No. 3:22-cv-00365 (the "Duraseal Inc. Action").  On June 17, 2022, Ever-Seal filed its First Amended Complaint, seeking damages against Duraseal Inc. for inducement of breach of contract and intentional interference with business relations stemming from factual allegations that Duraseal Inc., tortiously used Ever-Seal's confidential information and materials to intentionally interfere with Plaintiff's business operations, customers, and workers.

4.      On August 23, 2022, the Tennessee Court entered an Order transferring the Duraseal Inc. Action to the Bankruptcy Court.  *Ever-Seal, Inc. v. Duraseal, Inc.*, No. 3:22-cv-00365, 2022 WL 3599519 (M.D. Tenn. Aug. 23, 2022).  This decision was confirmed in a subsequent September 15, 2022 Memorandum Opinion and Order by the Tennessee Court.  *Ever-Seal, Inc. v. Duraseal, Inc.*, No. 3:22-cv-00365, 2022 WL 4280485 (M.D. Tenn. Sept. 15, 2022).  Upon its transfer to the Bankruptcy Court, the Duraseal Inc. Action was assigned Adversary Proceeding Case Number 22-00135-5.  On October 26, 2022, the Bankruptcy Court consolidated the proceedings and directly all parties to file pleadings in Adversary Proceeding Case No. 22-00050-5.

5.      While similar to the Individual Contract Action in that it is a non-core breach of contract action completely untethered to Halferty's underlying Chapter 13 bankruptcy case, the Duraseal Inc. Action is even further unrelated from Halftery's bankruptcy case because it involves a dispute between *two non-debtor parties* that has no bearing on Halferty or his bankruptcy case.

6.    In fact, given the lack of a "close nexus" between the Duraseal Inc. Action and Halferty's bankruptcy case, the Bankruptcy Court lacks subject matter jurisdiction to hear the matter.  The Tennessee Court, while citing "related to" jurisdiction in its decision to transfer the Duraseal Inc. Action to the Bankruptcy Court rather than the District Court, left it to the Bankruptcy Court and District Court to decide whether this action should ultimately be transferred to the District Court.  Adv. No. 22-00135, Doc. 68.  The Bankruptcy Court has not decided whether it has jurisdiction to hear the Duraseal Inc. Action.  The relief sought against Duraseal Inc. does not have a "close nexus" to Halferty's Chapter 13 bankruptcy case and thus "related to" jurisdiction is not present.

7.    Congress granted original jurisdiction to the district courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11," 28 U.S.C. § 1334(b), and authorized automatic referral of proceedings covered by § 1334(b) to the bankruptcy courts. *See* § 157(a). This District has provided for such referral. However, pursuant to § 157(d) "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

8.    For the reasons stated in Ever-Seal's motion to withdraw the reference of the Individual Contract Action, which are expressly incorporated herein by reference, and as shown more specifically in the brief accompanying this Motion, withdrawal of the reference of this adversary proceeding pursuant to 28 U.S.C. § 157(d) is warranted because: (1) the Bankruptcy Court lacks jurisdiction over the Duraseal Inc. Action; (2) the Bankruptcy Court does not have constitutional authority to adjudicate a dispute between two non-debtor parties involving non-core

139705011.1

claims in the Duraseal Inc. Action; (3) Ever-Seal does not consent to the Bankruptcy Court entering

final orders with respect to the non-core state law causes of action against non-debtor Duraseal

Inc., see 28 U.S.C. § 157(c)(1); (4) Ever-Seal demands a jury trial on its claims against Duraseal

Inc. and Ever-Seal does not consent to a jury trial before the Bankruptcy Court, see 28 U.S.C. §

157(e); and (5) judicial efficiency is best served by having the District Court hear and determine

all matters in the Duraseal Inc. Action and the Individual Contract Action.

     WHEREFORE, Ever-Seal respectfully prays that the District Court enter an Order,

substantially in the form attached hereto, pursuant to 28 U.S.C. § 157(d) and Rule 5011(a) of the

Federal Rules of Bankruptcy Procedure, immediately withdrawing reference of the DuraSeal Inc.

Action and for such other and further relief as the District Court may deem just and proper.

     Respectfully submitted this the 14th day of November, 2022.

                     FOX ROTHSCHILD LLP

                     By: /s/ *Brian R. Anderson*
                        Brian R. Anderson
                        N.C. State Bar No. 37989
                        230 N. Elm St., Suite 1200
                        Greensboro, NC 27401
                        branderson@foxrothschild.com
                        Tel: (336) 378-5205

                        -and-

                     SPENCER FANE LLP

                     By: /s/ *Stephen J. Zralek*
                        Stephen J. Zralek
                        T.N. Bar No. 18971
                        511 Union Street, Suite 1000
                        Nashville, TN 37219
                        szralek@spencerfane.com
                        Tel: (615) 238-6305

139705011.1

Breanna R. Spackler
M.O. Bar No. 67323
1000 Walnut, Suite 1400
Kansas City, MO 64106
bspackler@spencerfane.com
Tel: (816) 292-8487

*Attorneys for Plaintiff*

Exhibit

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY,** | ) | **Case No. 22-00101-05-DMW** |
| | ) | **Chapter 13** |
| Debtor. | ) | |
| | ) | |
| **EVER-SEAL, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | **Adv. Proc. No. 22-00050-5-DMW[1]** |
| v. | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY** | ) | **JURY DEMAND** |
| **d/b/a DURASEAL,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW REFERENCE</u>

Upon consideration of *Plaintiff's Motion to Withdraw Reference* (the "Motion"), pursuant to 28 U.S.C. § 157(d) and Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, for entry of an Order withdrawing the reference of *Ever-Seal, Inc. v. Duraseal, Inc.*, Adversary Proceeding No. 22-00135-5-DMW (the "Duraseal Inc. Action") pending in the United States Bankruptcy Court for the Eastern District of North Carolina; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed

---

[1] For purposes of pleading, discovery, and trial, by order dated October 26, 2022, the Duraseal Inc. Action, Adv. Proc. No. 22-00135-5-DMW, has been consolidated with the captioned adversary proceeding, Adv. Proc. No. 22-00050-5-DMW (Adv. Pro. No. 22-00135-5-DMW, DE 84), with parties directed to file all pleadings in Adv. Proc. No. 22-00050-5-DMW. A Motion to Withdraw Adversary Proceeding No. 22-00050-5 to the District Court is currently pending in Case No. 5:22-MC-00014-FL.

the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and after due deliberation and sufficient cause appearing therefor,

**IT HEREBY IS ORDERED THAT:**

1.     The Motion is granted to the extent set forth herein;

2.     The Duraseal Inc. Action is hereby withdrawn pursuant to 28 U.S.C. § 157(d);

3.     The Bankruptcy Court is hereby stayed from further consideration of the Duraseal Inc. Action;

4.     This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order, and to interpret, implement and enforce the provisions of this Order.

Dated:

_____
United States District Judge

2

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **PLAINTIFF'S MOTION TO WITHDRAW REFERENCE** was duly served upon the following by electronic means or by depositing same enclosed in a post-paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service:

Travis Sasser
2000 Regency Parkway, Suite 230
Cary, NC 27518
*Counsel for Defendant*

This the 14th day of November, 2022.

　　　　　　　　　　　　 */s/ Brian R. Anderson*
　　　　　　　　　　　　 Brian R. Anderson

139705011.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY,** | ) | **Case No. 22-00101-05-DMW** |
| | ) | **Chapter 13** |
| Debtor. | ) | |
| | ) | |
| **EVER-SEAL, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | **Adv. Proc. No. 22-00050-5-DMW**[1] |
| v. | ) | |
| | ) | |
| **STEPHEN BRADLEY HALFERTY** | ) | **JURY DEMAND** |
| **d/b/a DURASEAL,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW REFERENCE

Plaintiff Ever-Seal, Inc. ("Ever-Seal") submits this Memorandum in Support of its Motion to Withdraw Reference, seeking an Order from United States District Court for the Eastern District of North Carolina (the "District Court") withdrawing the reference of a civil action between two non-debtor parties transferred to the Bankruptcy Court from the United States District Court, Middle District of Tennessee (the "Tennessee Court") captioned *Ever-Seal, Inc. v. Duraseal, Inc.*, Adversary Proceeding No. 22-00135-5-DMW (the "Duraseal Inc. Action") from the Bankruptcy

---

[1] For purposes of pleading, discovery, and trial, by order dated October 26, 2022, the Duraseal Inc. Action, Adv. Proc. No. 22-00135-5-DMW, has been consolidated with the captioned adversary proceeding, Adv. Proc. No. 22-00050-5-DMW (Adv. Pro. No. 22-00135-5-DMW, DE 84), with parties directed to file all pleadings in Adv. Proc. No. 22-00050-5-DMW. A Motion to Withdraw Adversary Proceeding No. 22-00050-5 to the District Court is currently pending in Case No. 5:22-MC-00014-FL.

139827713.1

Court to the District Court (the "Motion").  In support of the Motion, Ever-Seal respectfully states as follows:

## PRELIMINARY STATEMENT

As a preliminary matter, and for purposes of brevity, Ever-Seal incorporates by reference the facts, arguments and authorities in its Memorandum in Support of Plaintiff's Motion to Withdraw Reference currently pending before the District Court in *Ever-Seal Inc. v. Stephen Bradley Halferty d/b/a/ Durseal*), Case No. 5:22-MC-00014-FL (Doc 1) (the "Individual Contract Action").  While similar to the Individual Contract Action in that it is a non-core breach of contract action completely untethered to Halferty's underlying Chapter 13 bankruptcy case, the Duraseal Inc. Action differs materially from the Individual Contract Action in that Duraseal Inc. is not under bankruptcy protection, the action seeks monetary damages and injunctive relief to prevent a non-debtor entity from using Ever-Seal's confidential information and materials to intentionally interfere with Ever-Seal's business operations, customers, and workers. These claims have no bearing on Halferty or his bankruptcy case and the Bankruptcy Court lacks jurisdiction to hear the matter.

First and foremost, Ever-Seal disputes that the Duraseal Inc. Action is one that can be referred to the Bankruptcy Court in the first instance due to lack of jurisdiction by the Bankruptcy Court to hear the matter.  The Tennessee Court, while citing "related to" jurisdiction in its decision to transfer the Duraseal Inc. Action to the Bankruptcy Court rather than the District Court, left it to the Bankruptcy Court and District Court to decide whether this action should ultimately be transferred to the District Court.  Adv. No. 22-00135, Doc. 68.   The Bankruptcy Court has not decided whether it has jurisdiction to hear the Duraseal Inc. Action.  The Bankruptcy Court lacks jurisdiction over the Duraseal Inc. Action because the relief sought against Duraseal Inc. does not

2

139827713.1

have a "close nexus" to Halferty's Chapter 13 bankruptcy case and thus "related to" jurisdiction is not present.

Second, even if it is ultimately decided that the Bankruptcy Court has jurisdiction over this action, the Duraseal Inc. Action meets all of the criteria for permissive withdrawal of the reference under 28 U.S.C. § 157(d).  The Duraseal Action is "non-core," which is the most important consideration when evaluating a motion to withdraw the reference.  Ever-Seal has not consented to the Bankruptcy Court entering final judgment in the Duraseal Inc. Action and has demanded a jury trial.  The Bankruptcy Court cannot conduct such a trial without Ever-Seal's consent, which it has not (and will not) provide.  It is therefore only a matter of time before the Duraseal Inc. Action will be transferred to the District Court.  The most efficient, economical, and practical solution is to withdraw the reference now for both the Duraseal Inc. Action and the Individual Contract Action and hear those matters together.

In addition, beyond not having a "close nexus" to Halferty's underlying bankruptcy case, obtaining relief against Duraseal Inc. has no impact whatsoever on the administration of Halferty's Chapter 13 case. Duraseal's position is that Halferty "has never actually used the corporate form to conduct any business" and Duraseal Inc. "cannot truly be said to be engaged in business in the first place."  Adv. No. 22-00135-5-DMW Doc. 42 at 2.  If true, then Duraseal Inc. surely cannot claim that a judgment against a defunct corporation will affect Halferty's bankruptcy case.  The action does not seek any relief against Halferty or his business operations as a sole proprietor.

Withdrawing the reference will not cause delay or duplication of effort because the Duraseal Inc. Action is still in its early stages.  Nor will the Duraseal Inc. Action, which, again seeks relief solely from a non-debtor under a contract claim sounding in state law, call upon the

3

particular expertise or knowledge of the Bankruptcy Court.  There is nothing for the Bankruptcy Court to decide under Title 11 and the outcome of the litigation will not affect the bankruptcy case.

In light of the non-core nature of the proceeding and the fact that the Duraseal Inc. Action remains in its infancy, judicial efficiency supports the immediate withdrawal of the reference. If the Duraseal Inc. Action remains in Bankruptcy Court, it is likely to result in confusion, complications and costs associated with litigating the matter in the Bankruptcy Court, only to have it re-litigated again in District Court on a *de novo* basis, or have the court later decide that it did not have jurisdiction over the matter in the first place.  Ever-Seal respectfully submits that these circumstances warrant immediate withdrawal of the reference.

### STATEMENT OF THE FACTS/PROCEDURAL BACKGROUND

Ever-Seal expressly incorporates by reference the Statement of the Facts and Procedural Background in its Memorandum in Support of Plaintiff's Motion to Withdraw Reference currently pending before the District Court in Case No. 5:22-MC-00014-FL (Doc 2).  To further aid the Court, Ever-Seal provides the additional factual and procedural background.

During discovery in the Individual Contract Action, Ever-Seal became aware of Duraseal, Inc., a company owned and controlled by Halferty.  Given that Duraseal Inc. is a separate legal entity that is not under bankruptcy protection, Plaintiff filed the Duraseal Inc. Action on May 18, 2022, in the Tennessee Court.  On June 17, 2022, Ever-Seal filed its First Amended Complaint, seeking relief against Duraseal Inc. for inducement of breach of contract and intentional interference with business relations stemming from factual allegations that Duraseal Inc., tortiously used Ever-Seal's confidential information and materials to intentionally interfere with Ever-Seal's business operations, customers, and workers.

139827713.1

On August 23, 2022, the Tennessee Court entered an Order transferring the Duraseal Inc. Action to the Bankruptcy Court. *Ever-Seal, Inc. v. Duraseal, Inc.*, No. 3:22-cv-00365, 2022 WL 3599519 (M.D. Tenn. Aug. 23, 2022). This decision was confirmed in a subsequent September 15, 2022 Memorandum Opinion and Order by the Tennessee Court. *Ever-Seal, Inc. v. Duraseal, Inc.*, No. 3:22-cv-00365, 2022 WL 4280485 (M.D. Tenn. Sept. 15, 2022); Adv. No. 22-00135-DMW, Doc. No. 68. In its decision, the Tennessee Court decided to "leave to the courts of the transferee district the decision whether the case should ultimately be transferred to the district court based on (perhaps among other things) any withdrawal the transferee district court may order." Upon its transfer to the Bankruptcy Court, the Duraseal Inc. Action was assigned Adversary Proceeding Case Number 22-00135-5. *Id.*

On October 26, 2022, the Bankruptcy Court consolidated the proceedings and directly all parties to file pleadings in Adversary Proceeding Case No. 22-00050-5.

## ARGUMENT

## I.    The Bankruptcy Court Lacks Jurisdiction Over the Duraseal Inc. Action

Bankruptcy courts derive their jurisdiction from the district courts' referral of bankruptcy matters pursuant to 28 U.S.C. § 157(a), which provides that "[e]ach district court may provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 667 (2015); *Stern v. Marshall*, 564 U.S. 462, 473 (2011). Consistent with this long-standing statutory scheme, district courts routinely refer bankruptcy cases to bankruptcy courts. *Diamond Indus. Corp. v. Rohn*, No. 2003-116, 2007 WL 5813679, at *2 (D.V.I. Dec. 13, 2007) ("As a matter of discretion, federal district courts routinely refer most bankruptcy

139827713.1

cases to the bankruptcy court"). The District Court has done so pursuant its Referral of Bankruptcy Matters to Bankruptcy Judges dated August 3, 1984.

A bankruptcy court's jurisdiction, however, is limited by 28 U.S.C. §§ 157(b) and (c). Section 157(b)(1) provides that a bankruptcy court may "hear and determine" all core proceedings "arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). Section 157(b)(2) lists non-exclusive categories of matters that are considered "core proceedings." Under section 157(c), the bankruptcy court may hear non-core proceedings, but only if they are "related to" the bankruptcy case. The statute prohibits a bankruptcy court, without the parties' consent (which Ever-Seal has not given) from entering a final judgment or order with respect to such non-core proceeding. 28 U.S.C. § 157(c)(1); see also *Stern*, 564 U.S. at 475 ("When a bankruptcy judge determines that a referred 'proceeding . . . is not a core proceeding but . . . is otherwise related to a case under title 11,' the judge may only 'submit proposed findings of fact and conclusions of law to the district court.'") (quoting 28 U.S.C. § 157(c)(1)). "A court's subject matter jurisdiction as defined in 28 U.S.C. § 1334 is absolute, and jurisdiction cannot be created by court order or agreement of the parties." *In re Ohnmacht*, No. 09-08106-8-DMW, 2017 WL 5125531, at *6 (Bankr. E.D.N.C. Nov. 3, 2017).

Further, "Federal courts have an ever-present obligation to satisfy themselves that they have subject-matter jurisdiction to adjudicate particular disputes brought before them." *Harr v. WRAL-5 News*, No. 5:20-CV-00362-M, 2021 WL 141697, at *1 (E.D.N.C. Jan. 14, 2021), *aff'd*, 853 F. App'x 859 (4th Cir. 2021). At any stage of a litigation . . . subject matter jurisdiction may be questioned." *In re Poplar Run Five Ltd. P'ship*, 192 B.R. 848, 854–55 (Bankr. E.D. Va. 1995). "Like other federal courts, bankruptcy courts are courts of limited jurisdiction, and as such, they

6

'must be alert to avoid overstepping their limited grants of jurisdiction.'" *Id.* (quoting *McCorkle v. First Pa. Banking & Trust Co.*, 459 F.2d 243, 244 n. 1 (4th Cir. 1972)).

The Duraseal Inc. Action does not arise under title 11, or in a case under title 11.  Thus, the only jurisdictional avenue for the Bankruptcy Court to hear this action is through "related to" jurisdiction.  The Fourth Circuit has adopted the "close nexus" standard to determine "related to" jurisdiction.  *See Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 836-37 (4th Cir. 2007); *Ohnmacht*, 2017 WL 5123351 at \*6.  Under the "close nexus" standard, there must be a close nexus between the claims asserted and the bankruptcy plan or proceeding, in order to insure "that the proceeding serves a bankruptcy administration purpose on the date the bankruptcy court exercises that jurisdiction. Without such a purpose, 'related to' jurisdiction would extend beyond the limited jurisdiction conferred upon bankruptcy courts . . . ."  *Valley Historic*, 486 F.3d at 837.

Ever-Seal's claims against Duraseal Inc. have no close nexus to "the interpretation, implementation, consummation, execution, or administration of" Halferty's pending Chapter 13 plan, let alone any relation to or effect on same.  *See id.*  Duraseal Inc. and Halferty have admitted that Halferty "has never actually used the corporate form to conduct any business" and Duraseal Inc. "cannot truly be said to be engaged in business in the first place."  Adv. No. 22-00135-5-DMW Doc. 42 at 2.  If true, then Halferty's bankruptcy plan will not be affected by a judgment against Duraseal Inc.  The Duraseal Inc. Action does not seek to prevent Halferty from conducting business as a sole proprietor.  As such, the Bankruptcy Court lacks jurisdiction over the Duraseal Inc. Action and this matter should be transferred to the District Court.

139827713.1

## II. Even if the Bankruptcy Court Has Subject Matter Jurisdiction Over this Action, the District Court May Withdraw the Reference for "Cause Shown."

A motion to withdraw the reference to the bankruptcy court is governed by 28 U.S.C. § 157(d), which provides, in relevant part, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Although "cause" is not defined in the statute, the courts have enumerated certain non-exclusive factors for a court to consider when determining whether "cause" exists for permissive withdrawal. These include the primary considerations of whether the claims are core or non-core claims and whether a party has requested a jury trial. E.g., *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.)*, 203 B.R. 905, 908 (D. Del. 1996).  Other factors include (i) promoting uniformity in bankruptcy administration, (ii) reducing forum shopping and confusion, (iii) fostering the economical use of the debtors' and creditors' resources, and (iv) expediting the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3rd Cir. 1990) (citing *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). As set forth below, permissive withdrawal of the reference is warranted.

## III. Application of the Factors Considered by This Court Heavily Weight in Favor of Permissibly Withdrawing the Reference.

### A. The Duraseal Inc. Action is Non-Core.

"The most important factor for the Court to consider in deciding whether to withdraw a reference to the bankruptcy court for cause is whether or not the claim is a core proceeding or a non-core proceeding." *Kohn v. Haymount Ltd. P'ship (In re Int'l Benefits Grp.)*, No. 06-2363 (KSH), 2006 WL 2417297, at *2 (D.N.J. Aug. 21, 2006). The practical difference between the two is significant because it may determine the ultimate authority of the court, as described by the Third Circuit:

8

139827713.1

> In a core proceeding, a bankruptcy court has comprehensive power to hear, decide and enter final orders and judgments. In addition, the bankruptcy court can make findings of fact and conclusions of law. In contrast, the bankruptcy court's authority is significantly limited in non-core proceedings. In a non-core proceeding, the bankruptcy court is allowed only to make proposed findings of fact and proposed conclusions of law, which it submits to the district court.

*Mintze v. Am. Fin. Servs., Inc. (In re Mintze)*, 434 F.3d 222, 228-29 (3rd Cir. 2006) (internal citations omitted). The core/non-core determination, coupled with the inherent limitations in bankruptcy court jurisdiction, have practical implications on the remaining factors for consideration, such as efficiency and uniformity of judicial administration. *Fed. Ins. Co. v. Parnell (In re Peanut Corp. of Am.)*, 407 B.R. 862, 866 (W.D. Va. 2009). "A proceeding is "core" if it 'invokes a substantive right provided by title 11 or if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.'" *In re Eagle Enterprises, Inc.*, 259 B.R. 83, 87 (Bankr. E.D. Pa. 2001) (quoting *Torkelson v. Maggio*, 72 F.3d 1171, 1178 (3rd Cir. 1996)). "A non-core proceeding, by contrast, does not depend on bankruptcy law for its existence and 'could proceed in another court.' *Parnell*, 407 B.R. at 865 (quoting *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir.1997)).

Here, the Duraseal Inc. Action is non-core.  Ever-Seal's causes of action are governed exclusively by state law, do not implicate the Bankruptcy Code, and are not based on any right created by federal bankruptcy law.  In fact, Ever-Seal, a non-debtor, cannot bring claims under Title 11 against another non-debtor and it has not done so here.  "They depend solely on state law and could proceed outside the bankruptcy court." *Eagle Enterprises*, 259 B.R. at 87. Ever-Seal's claims do not involve substantial prior and direct dealings with the estate.  *In re Natl' Enters., Inc.*, 128 B.R. 956, 961 (E.D. Va. 1991) (holding that, consistent with Supreme Court precedent, post-petition damages arising from pre-petition contracts do not give rise to core bankruptcy matters). Ever-Seal seeks exclusive relief against Duraseal Inc. in this action.  Thus, even if the Bankruptcy

9

139827713.1

Court has jurisdiction over the matter, which it does not, the Bankruptcy Court cannot enter a final order in this non-core matter, and this Court should withdraw the reference.

### B.    Ever-Seal's Jury Trial Right Supports Permissive Withdrawal.

Ever-Seal's right to a jury trial also is an important consideration in determining whether to withdraw the reference. *NDEP*, 203 B.R. at 908. The Seventh Amendment provides that "[i]n Suits in common law, where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved." U.S. CONST., amend. VII. As the United States Supreme Court has noted, the Seventh Amendment requires a jury trial "only if a cause of action is legal in nature and it involves a matter of private right." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 n.4 (1989). Here, Ever-Seal is entitled to a jury trial and has demanded same. The Duraseal Inc. Action is legal in nature and governed exclusively by state law. "When there has been a jury demand in a non-core proceeding, courts generally find that judicial economy would be served by withdrawal of the reference because the district court must (absent the consent of all parties) hold the trial. *NDEP*, 203 B.R. 905 at 913. Due to the foregoing, the District Court should withdraw the reference. *Antico Vacca Techs., Inc. v. Etched Media Corp. (In re Gruppo Antico, Inc.)*, Case No. 02-13283, 2005 WL 3654215, at *1 (D. Del. July 1, 2005) (noting that withdrawal of the reference will promote judicial economy since the "Defendants are entitled to a jury trial, [and] it will likely be more efficient for this court to manage the case through the pretrial process"); *Goldstein v. K-Swiss Inc. (In re Just for Feet, Inc.)*, No. 99-4110, 2002 WL 55035, at *2 (Bankr. D. Del. Apr. 9, 2002) (noting that "most courts have held that the right to a jury trial constitutes sufficient cause for withdrawal of the reference").

Moreover, because the Duraseal Inc. Action is non-core, the Bankruptcy Court will not be able to hold a jury trial without the consent of the parties, and Ever-Seal has not consented (and

10

139827713.1

will not consent) to a jury trial in the Bankruptcy Court. *See* 28 U.S.C. § 157(c); *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990) ("By the Seventh Amendment, any fact found by a jury cannot be reviewed de novo. Accordingly, a bankruptcy court cannot conduct a jury trial in a non-core proceeding").

### C.    Additional Factors Support Permissive Withdrawal.

Other factors to be considered by the District Court in determining cause for permissive withdrawal include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. *Pruitt*, 910 F.2d at 1168; *Holland America*, 777 F.2d at 999; *Parnell*, 407 B.R. at 865.

First, in evaluating withdrawal on the impact on the uniformity of bankruptcy administration, courts find that allowing all decisions to originate from one court and be subject to the same standard of review promotes uniformity. See *Calascibetta v. Pension Fin. Servs. (In re U.S. Mortg. Corp.)*, No. 2:11-cv-07222 (DMC), 2012 WL 1372284, at *3 (D.N.J. Apr. 19, 2012). Withdrawal before the Bankruptcy Court has heard and determined the issues in Duraseal Inc. Action also promotes uniformity. *Id.* As noted above, the Duraseal Inc. Action constitutes only non-core claims, and having the District Court administer the proceeding now, especially through the pre-trial stages, will promote uniformity in bankruptcy administration.

Second, withdrawing the reference would promote efficient use of the parties' resources. Because the Duraseal Inc. Actin is non-core, Bankruptcy Court and District Court review is a wasteful and inefficient outcome that will be avoided by the granting of this Motion. S*ee Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*, 107 B.R. 34, 40 (holding permissive withdrawal appropriate in light of considerations of judicial economy because the adversary was

11

non-core and subject to the district court's review); *Microbilt Corp. v. Fid. Nat. Info. Servs., Inc.*, No. 14-03284 (FLW), 2014 WL 6804465, at *4 (D.N.J. Dec. 3, 2014) (noting that the bankruptcy court's "familiarity is outweighed by the economy of the district court deciding this case in the first instance instead of having the bankruptcy court submit proposed findings of fact and conclusions of law and the district court then engaging in *de novo* review, including the parties submitting briefing at both stages").  <u>This is particularly true if the Bankruptcy Court does not have jurisdiction over the action</u>.

There is no reason to waste valuable judicial resources litigating the non-core action in a court that may later decide it does not have jurisdiction over it, let alone litigating it twice. Duraseal Inc. has yet to answer the complaint and the parties have not engaged in any meaningful discovery or substantive motion practice.  Thus, withdrawal of the reference will not create any duplication of effort or delay. Furthermore, as a contractual dispute rooted in state law, the Duraseal Inc. Action will not require any specialized bankruptcy knowledge to resolve. *See Official Comm. of Asbestos Claimants v. G-I Holdings, Inc. (In re G-I Holdings, Inc.)*, 295 B.R. 211, 217-18 (D.N.J. 2003) (withdrawing adversary proceeding involving only state-law claims against a non-debtor and finding it "in the Court's best interest to adjudicate the non-bankruptcy dispute once, while the Bankruptcy Court continues to administer the chapter 11 reorganization and conduct other common bankruptcy proceeding*"); Baxter v. Sherb & Co. (In re Money Ctrs. of Am., Inc.)*, 579 B.R. 710, 715 (S.D.N.Y. 2016) ("[I]t is a waste of judicial resources for a court of specialized bankruptcy knowledge to administer a case that does not require application of that knowledge"); *Kirschbaum v. Fed. Ins. Co. (In re EMS Fin. Srvs., LLC)*, 491 B.R. 196, 206 (E.D.N.Y. 2013) (finding matter not requiring familiarity with bankruptcy proceeding or bankruptcy law should be withdrawn).

139827713.1

Moreover, proceeding directly to the District Court now will preserve the parties' resources. The parties will not have to expend resources litigating the jurisdictional issue or the non-core claims in the Bankruptcy Court, only for the Bankruptcy Court to either ultimately decide it does not have jurisdiction over the action or to "propose[] findings of fact and conclusions of law to the district court" subject to de novo review. *Michaelson v. Golden Gate Private Equity, Inc. (In re Appleseed's Intermediate Holdings, LLC)*, Civ. No. 11-807 (JEI/KM), 2011 WL 6293251 at *3 n.7) (D. Del. Dec. 15, 2011) ("[D]efendants urge this Court to allow preliminary proceedings to move forward in the Bankruptcy Court and withdraw the reference if and when a jury trial is required. However, this would require two Courts to become intimately familiar with the case and does not address the financial costs inherent in two standards of review applying to core and non-core claims prior to trial."); *Etched Media*, 2005 WL 3654215, at *1 ("Here, although the Plaintiff asserts that all pretrial matters in this proceeding should be remanded to the Bankruptcy Court for reasons of judicial economy, or the Motion should be deferred for reasons of judicial economy, the Plaintiff provides no explanation in support of those contentions. Further, returning the matter to the Bankruptcy Court would not promote uniformity in the bankruptcy administration, reduce forum shopping, foster the economical use of the parties' resources, or expedite the bankruptcy process. On the contrary, it appears that considerations of judicial economy favor withdrawal. Because it is essentially conceded that Defendants are entitled to a jury trial, it will likely be more efficient for this court to manage the case through the pretrial process."); *NDEP*, 203 B.R. at 913 (quoting *Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838 (C.D. Cal. 1990) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial

13

139827713.1

resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation.").

Third, a withdrawal of the reference will reduce the confusion (and costs) that would arise if the Duraseal Inc. Action were litigated at the Bankruptcy Court, and then potentially re-litigated again in the District Court. *See In re Appleseed's*, 2011 WL 6293251, at *3. ("To avoid confusion and future collateral attacks on a judgment issued by the Bankruptcy Court, the prudent action is to withdraw the reference at this juncture.").

For the reasons set forth above, these factors, individually and collectively, weigh heavily in favor of permissive withdrawal of the reference. After considering these factors, given that the Duraseal Inc. Action is non-core and that Ever-Seal has demanded a jury trial, Ever-Seal respectfully requests that the District Court immediately withdraw the reference of the adversary proceeding.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Ever-Seal respectfully requests that the District Court (a) enter the Proposed Order and immediately withdraw the reference, and (b) grant further relief as the Court may deem just and proper.

Respectfully submitted this the 14th day of November, 2022.

FOX ROTHSCHILD LLP

By: /s/ *Brian R. Anderson*
    Brian R. Anderson
    N.C. State Bar No. 37989
    230 N. Elm St., Suite 1200
    Greensboro, NC 27401
    branderson@foxrothschild.com
    (336) 378-5205

    -and-

14

139827713.1

SPENCER FANE LLP

By:  ___/s/ *Stephen J. Zralek*_____
    Stephen J. Zralek
    T.N. Bar No. 18971
    511 Union Street, Suite 1000
    Nashville, TN 37219
    szralek@spencerfane.com
    Tel: (615) 238-6305

    Breanna R. Spackler
    M.O. Bar No. 67323
    1000 Walnut, Suite 1400
    Kansas City, MO 64106
    bspackler@spencerfane.com
    Tel: (816) 292-8487

    *Attorneys for Plaintiff*

15

139827713.1

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW REFERENCE** was duly served upon the following by electronic means or by depositing same enclosed in a post-paid, properly addressed envelop in a Post Office or official depository under the exclusive care and custody of the United States Postal Service:

Travis Sasser
2000 Regency Parkway, Suite 230
Cary, NC 27518
*Counsel for Defendant*

This the 14th day of November, 2022.

*/s/ Brian R. Anderson*
Brian R. Anderson

16

139827713.1